PER CURIAM.
We affirm the well-reasoned opinion of Deputy Commissioner Wieland requiring the carrier to continue paying supplemental benefits to claimant until the Administrative Trust Fund affirmatively takes over such payments.
The claimant was injured on June 6,1973, and has been paid permanent total disability benefits since that time. In accordance with § 440.51(l)(b), Florida Statutes (1981),[1] the carrier initially assumed the responsibility for making the supplemental benefit payments due claimant under § 440.15(l)(e), Florida Statutes (1981). On April 13, 1982, the carrier wrote to the Division of Worker’s Compensation requesting that it take over the supplemental benefit payments to claimant. The Division indicated in a letter to the carrier dated April 28,1982, that it would review the claimant’s file and that supplemental payments, if approved, would be made retroactive to May 4, 1982. Based upon this letter, the carrier terminated payments on May 4, 1982. On September 13, 1982, the claimant filed a claim for supplemental benefits because he had not received any payments since May 4, 1982.
We specifically approve the following findings from Deputy Commissioner Wie-land’s order of January 14, 1983:
2. That the claimant is due supplemental benefits subsequent to May 4, 1982, from the carrier until such time as the Administrative Trust Fund commences the payment of these benefits. This finding is based on the fact that the claimant is permanently and totally disabled, is entitled to the benefits and had been receiving supplemental benefits from the carrier until May 4,1982, when they were arbitrarily terminated. Following that termination date the carrier made no further inquiry to determine whether or not the Administrative Trust Fund had commenced the payment of these benefits and the carrier paid no additional supplemental benefits until November 1, 1982, when the carrier paid supplemental benefits for the period from May 5, 1982, through November 7,1982. Florida Statute 440.15(l)(e) was enacted to provide minimal relief against inflation for a worker who is permanently and totally disabled and the injured worker should not be deprived of those benefits because of an administrative breakdown or lack of communication between the Administrative Trust Fund and the carrier. Once the carrier commences the payment of these benefits it has a duty to continue payment as long as the claimant remains entitled or until payments are commenced by' the Administrative Trust Fund. (Emphasis added).
*413 We also affirm the deputy commissioner’s award of attorney’s fees to claimant.
AFFIRMED.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.

. Section 440.51(l)(b) provides:
The insurance companies may elect to make the payments required under s. 440.15(l)(e) rather than having these payments made by the division. In that event, such payments will be credited to the insurance companies, and the amount due by the insurance company under this section will be reduced accordingly.